JUDGE CROTTY

'08 CIV 6361

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

APPALACHIAN INSURANCE COMPANY,     )
           )
    Plaintiff,                  )
           )
    vs.                      )
           )
CENTURY INDEMNITY COMPANY,       )
as successor to CCI Insurance Company,    )
as successor to Insurance Company of     )
North America,                 )
           )
    Defendant.               )
           )

RECEIVED
JUL 1 5 2008
Case No.
U.S.D.C. S.D. N.Y.
CASHIERS

## COMPLAINT

    Plaintiff Appalachian Insurance Company ("Appalachian"), by and through its attorneys,

and for its Complaint against Defendant Century Indemnity Company, as successor to CCI

Insurance Company, as successor to Insurance Company of North America ("INA"), alleges as

follows:

### NATURE OF THE ACTION

    1.      This is a civil action brought by Appalachian relating to the obligations owed to it

by INA pursuant to certain contracts of reinsurance entered between the parties, and INA's

subsequent breach of those contracts.

### PARTIES

    2.      Plaintiff Appalachian is a Rhode Island corporation with its principal place of

business in Johnston, Rhode Island.

    3.      Defendant INA is a Pennsylvania corporation with its principal place of business

in Philadelphia, Pennsylvania.

## JURISDICTION AND VENUE

4.      This matter is brought pursuant to 28 U.S.C. §1332.  The amount in controversy in this action exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest, costs and fees.

5.      Venue lies in this forum pursuant to 28 U.S.C. §1391(b) because the claims herein alleged are substantially related to events occurring in this district.

## THE REINSURANCE CERTIFICATES

6.      Appalachian and INA entered into the following Certificates of Facultative Reinsurance, with Appalachian as the Reinsured and INA as the Reinsurer: (1) Certificate No. FRC01355, effective November 1, 1972 to November 1, 1975; and (2) Certificate No. FRC01356, effective November 1, 1972 to November 1, 1975 (collectively, the "Reinsurance Certificates").  True and correct copies of the Reinsurance Certificates as contained in Appalachian's files are attached hereto as Exhibits "A" and "B," respectively.

7.      The Declarations of the Certificates provide that INA will, on a Contributing Excess basis, pay Appalachian a portion of loss, excess of a stated retention maintained by Appalachian, that Appalachian incurs under reinsured excess third party liability policies of insurance issued by Appalachian to Dresser Industries, Inc., et al. ("Dresser").

8.      The Reinsurance Certificates include the following provisions:

> A.      The Company [Appalachian] warrants to retain for its own account or that of its reinsurer(s) the amount of liability specified in Item 3 of the Declarations, unless otherwise declared to the Reinsurer [INA], and the liability of the Reinsurer specified in Item 4 of said Declarations shall follow that of the Company and except as otherwise specifically provided herein, shall be subject in all respects to all the terms and conditions of the Company's policy except such as may purport to create a direct obligation of the

Reinsurer to the original Insured. The Company shall furnish the Reinsurer with a copy of its policy and all endorsements thereto which in any manner affect this certificate, and shall make available for inspection and place at the disposal of the Reinsurer at reasonable times any of its records relating to this reinsurance or claims in connection therewith.

\*\*\*

C.    All claims involving this reinsurance, when settled by the Company, shall be binding on the Reinsurer, which, shall be bound to pay its proportion of such settlements, and in addition thereto, in the ratio that the Reinsurer's loss payment bears to the Company's gross loss payment, with respect to business accepted on an excess of loss basis and in the ratio that the Reinsurer's limit of liability bears to the Company's gross limit of liability with respect to business accepted on a pro rata basis, its proportion of expenses, other than Company salaries and office expenses, incurred by the Company in the investigation and settlement of claims or suits and, with the prior consent of the Reinsurer to trial court proceedings, its proportion of court costs and interest on any judgment or award.

D.    Payment of its proportion of loss and expense paid by the Company will be made by the Reinsurer to the Company promptly following receipt of proof of loss.

See Exhibits "A" and "B."

## THE APPALACHIAN POLICIES AND THE UNDERLYING INSURANCE ACTION

9.    Appalachian issued certain excess liability policies to Dresser in the 1970s, under which Dresser alleged that it was entitled to coverage for certain asbestos-related liabilities described hereinbelow.

10.    The following excess liability policies issued by Appalachian to Dresser are reinsured under the Reinsurance Certificates: (1) Excess Third Party Liability Policy No. XL 71377, effective from November 1, 1972 to November 1, 1975, reinsured by Certificate No. FRC 01356; and (2) Excess Third Party Liability Policy No. XL 71378, effective from November 1, 1972 to November 1, 1975, reinsured by Certificate No. FRC 01355. Policy No. XL 71378 was cancelled effective November 1, 1973.

11.     Hundreds of thousands of claims were made around the country against Dresser and its subsidiary, Harbison-Walker Refractories ("H-W"), in which claimants alleged to have suffered various diseases and injuries that they attributed to exposure to asbestos in Dresser's and its subsidiary's products.

12.     Dresser filed a coverage action against Appalachian in Texas in September of 2001, seeking a judicial declaration with respect to insurance coverage for the underlying asbestos claims (the "Dresser coverage action").

13.     The Dresser coverage action, as well as certain coverage claims brought by H-W against Dresser and its insurers, including Appalachian, were ultimately mediated and settled pursuant to a confidential Settlement Agreement and Release executed by Appalachian on November 15, 2004.

14.     Appalachian kept INA apprised in writing of all of the significant underlying developments, including details of the mediation and settlement as they took place.

### FIRST CAUSE OF ACTION
**(Breach of Contract)**

15.     Appalachian repeats and incorporates by reference all the allegations set forth in Paragraphs 1 through 14 as though fully set forth herein.

16.     Appalachian ceded to and billed INA its portion of the settlement payable per the terms, conditions and provisions of the Reinsurance Certificates as follows:  (1) $157,058 by letter dated January 23, 2007 under Certificate No. FRC 01356; (2) $885,695 by letter dated December 27, 2007 under Certificate No. FRC 01356; and (3) $557,060 by letter dated December 27, 2007 under Certificate No. FRC 01355, for the total billed amount of $1,599,813.

17.     To date, INA has failed to pay Appalachian any portion of the amount due and owing under the Reinsurance Certificates.

18.    INA has breached the terms, conditions and provisions of the Reinsurance Certificates by its failure to pay any portion of the $1,599,813 properly ceded to those certificates by Appalachian.

19.    Appalachian has satisfied any and all obligations and conditions that it owes or may owe under the terms and provisions of the Reinsurance Certificates.

WHEREFORE, Appalachian hereby requests that the Court enter judgment in its favor:

(a)    holding that INA breached the terms, conditions and provisions of the Reinsurance Certificates, as well as its duty of utmost good faith and fair dealing owed to Appalachian;

(b)    holding that INA must pay Appalachian compensatory damages as a result of INA's breach of the Reinsurance Certificates; and

(c)    awarding Appalachian such other and further relief as this Court may deem appropriate, including attorney's fees, expenses and costs.

Respectfully submitted,

RUBIN, FIORELLA & FRIEDMAN LLP

By:    _____

Bruce M. Friedman, Esq. (BF-9074)
*bfriedman@rubinfiorella.com*
One of the attorneys for Plaintiff
Appalachian Insurance Company
292 Madison Avenue, 11th Floor
New York, New York  10017
(212) 953-2381

Of Counsel:

BATES & CAREY LLP
Robert J. Bates, Jr.
*rbates@batescarey.com*
Bonny S. Garcha
*bgarcha@batescarey.com*
191 N. Wacker Drive
Suite 2400
Chicago, Illinois 60606
(312) 762-3100

*Attorneys for Plaintiff*
*Appalachian Insurance Company*

Dated: July 14, 2008

260111



CERTIFICATE OF FACULTATIVE REINSURANCE ISSUED BY

**FRC** 01355



# INSURANCE COMPANY OF NORTH AMERICA

~~1600 Arch Street~~
~~Philadelphia Pennsylvania 19101~~
250 Broadway, New York, N. Y. 10007

## DECLARATIONS

CEDING COMPANY AND ADDRESS

Appalachian Insurance Company
c/o Willcox, Baringer & Company, Inc.
127 John Street
New York, New York 10038

INTERMEDIARY

ATTENTION

Mr. James R. Force
Assistant Vice President

| NAME OF INSURED | | RENEWAL OF CERTIFICATE NO. |
|---|---|---|
| Dresser Industries, Inc. etal | | **FRC** |
| CITY | STATE | REPLACES CERTIFICATE NO. |
| P.O. Box 718, Dallas, Texas 75221 | | **FRC** |
| COMPANY POLICY NO. | POLICY PERIOD | |
| XL 71378 | November 1, 1972 to November 1, 1975 | |

| TYPE OF REINSURANCE | POLICY LIMITS AND APPLICATION | LIMITS OF COMPANY RETENTION | ITEM REINSURANCE ACCEPTED | TYPE OF BASIS OF REINSURANCE |
|---|---|---|---|---|
| Excess Umbrella Liability | $5,000,000 CSL each occ.-agg. part of $25,000,000 CSL each occ.-agg. excess $65,000,000 CSL each occ.-agg. which is excess of underlying insurance. | $2,500,000 CSL each occ.-agg. part of $5,000,000 CSL each occ.-agg. | $2,500,000 CSL each occ.-agg. part of $5,000,000 CSL each occ.-agg. o.k. per M.W.P. ic | Contributing Excess |

THE TERM OF THIS CERTIFICATE
UNLESS TERMINATED BY CANCELLATION,
SHALL BE FROM THE

_____1st_____ DAY OF _November_ ,19 72 TO THE _____1st_____ DAY OF _November_ ,19 75

THE NET PREMIUM FOR THIS CERTIFICATE SHALL BE $ 2,906.25   [X] FIXED CHARGE   [ ] DEPOSIT PREMIUM
payable in equal annual installments of $968.75 each

| PREMIUM BASIS | ESTIMATED EXPOSURE | RATE | ESTIMATED PREMIUM |
|---|---|---|---|
| | | | |

| AUDIT PERIOD | MINIMUM PREMIUM FOR REINSURANCE PERIOD | MINIMUM PREMIUM FOR CERTIFICATE |
|---|---|---|
| | $2,906.25 | $150.00 |

COUNTERSIGNED AT ___New York, N. Y.___ THE ___30th___ DAY OF ___March___ 19 73
AEB/af-3/30/73                                    INSURANCE COMPANY OF NORTH AMERICA

BY ___A. Bingay___
AUTHORIZED SIGNATURE

C 2612 PTD IN U.S.A.  6-72

**PLEASE GIVE SPECIAL NOTICE OF THIS FACULTATIVE REINSURANCE TO YOUR CLAIM DEPARTMENT**

INSURANCE COMPANY OF NORTH AMERICA
1600 Arch Street
Philadelphia, Pennsylvania 19101

(herein called the Reinsurer)

In consideration of the payment of the premium, and subject to the terms, conditions and limits of liability set forth herein, and is the Declaration made a part hereof, the Reinsurer does hereby reinsure the ceding company named in the Declaration (herein called the Company) in respect of the Company's policy as follows:

## REINSURING AGREEMENTS AND CONDITIONS

A.  The Company warrants to retain for its own account ... that its treaty reinsurer(s) the amount of liability specified in Item 3 of the Declarations, unless otherwise declared to the Reinsurer, and the liability of the Reinsurer specified in Item 4 of said Declarations shall follow that of the Company and except as otherwise specifically provided herein, shall be subject in all respects to all the terms and conditions of the Company's policy except such as may purport to create a direct obligation of the Reinsurer to the original insured. The Company shall furnish the Reinsurer with a copy of its policy and all endorsements thereto which in any manner affect this certificate, and shall make available for inspection and place at the disposal of the Reinsurer at reasonable times any of its records relating to this reinsurance or claims in connection therewith.

B.  Prompt notice shall be given to the Reinsurer by the Company of an occurrence or accident which appears likely to involve this reinsurance and while the Reinsurer does not undertake to investigate or defend claims or suits it shall nevertheless have the right and be given the opportunity to associate with the Company and its representatives at its own expense in the defense and control of any claim, suit or proceeding involving this reinsurance, with the full cooperation of the Company.

C.  All claims involving this reinsurance, when settled by the Company shall be binding on the Reinsurer, which shall be liable to pay its pro-portion of such settlements, and in addition thereto, in the ratio that the Reinsurer's loss payment bears to the Company's gross loss payment, with respect to business accepted on an excess of loss basis and in the ratio that the Reinsurer's limit of liability bears to the Company's gross limit of liability, with respect to business accepted on a pro rata basis, its proportion of expenses, other than Company salaries and office expense incurred by the Company in the investigation and settlement of claims or suits and the prior consent of the Reinsurer to trial court proceedings, its proportion of court costs and interest on any judgment or award.

D.  Payment of its proportion of loss and loss expense as paid by the Company will be made by the Reinsurer to the Company promptly following receipt of proof of loss.

E.  The Reinsurer will be paid or credited by the Company with its proportion of salvage, i.e., reimbursement obtained or recovery made by the Company, less the actual cost (excluding Company salaries and office expenses) of obtaining such reimbursement or making such recovery. If the reinsurance afforded by this Certificate is in the excess of loss basis, salvage shall be applied in the inverse order in which liability attaches.

F.  The Company ... shall be liable for ... an ...

G.  In the event of insolvency of the Company, ...

H.  Cancellation ...

...the name of this Certificate shall not be ... or by any endorsement issued to form a part hereof, ...

representative of the Reinsurer.

## In Witness Whereof,

by its President and Secretary ...

representative of the Reinsurer.

 

In consideration of the payment of the premium as herein provided, Reinsuring Agreement "A" is amended to read as follows:

A. The Company warrants to retain for its own account or that of its reinsurer(s) the amount of liability specified in Item 3 of the Declarations, unless otherwise declared to the Reinsurer, and the liability of the Reinsurer specified in Item 4 of said Declarations shall follow that of the Company and except as otherwise specifically provided herein, shall be subject in all respects to all the terms and conditions of the Company's policy except such as may purport to create a direct obligation of the Reinsurer to the original Insured. The Company shall furnish the Reinsurer with a copy of its policy and all endorsements thereto which in any manner affect this certificate, and shall make available for inspection and place at the disposal of the Reinsurer at reasonable times any of its records relating to this reinsurance or claims in connection therewith.

Nothing herein contained shall vary, alter or extend any provision or condition of the certificate other than as above stated.

| | |
|---|---|
| CEDING CO. | Appalachian Insurance Company |
| NAME OF INSURED | Dresser Industries, Inc. etal |
| CERTIFICATE NO. FRC | 01355 |
| EFFECTIVE DATE: | 11/1/72 |

ENDORSEMENT NO.    1

AEB/af-3/30/73

_A Bingay_
Authorized Agent

_Charles K. Cox_
President

C-2617 8/69 PRINTED IN U.S.A.

CERTIFICATE OF FACULTATIVE REINSURANCE ISSUED BY

FRC 01356



# INSURANCE COMPANY OF NORTH AMERICA
~~1600 Arch Street~~
~~Philadelphia, Pennsylvania 19101~~
250 Broadway, New York, N. Y. 10007

## DECLARATIONS

**CEDING COMPANY AND ADDRESS**

Appalachian Insurance Company
c/o Willcox, Baringer & Company, Inc.
127 John Street
New York, New York 10038

**INTERMEDIARY**

**ATTENTION**

Mr. James R. Force
Assistant Vice President

| NAME OF INSURED | | | RENEWAL OF CERTIFICATE NO. |
| --- | --- | --- | --- |
| Dresser Industries, Inc. etal | | | FRC |
| CITY | STATE | | REPLACES CERTIFICATE NO. |
| P.O. Box 718, Dallas, Texas 75221 | | | FRC |
| COMPANY POLICY NO. | | POLICY PERIOD | |
| XLB 71377 | | November 1, 1972 to November 1, 1975 | |

| ITEM 1. TYPE OF INSURANCE | ITEM 2 POLICY LIMITS AND APPLICATION | ITEM 3 COMPANY RETENTION | ITEM 4 REINSURANCE ACCEPTED | ITEM 5 BASIS OF ACCEPTANCE |
| --- | --- | --- | --- | --- |
| Excess Umbrella Liability | $5,000,000 CSL each occ. agg. part of $15,000,000 CSL each occ.-agg.excess of $50,000,000 CSL each occ.-agg. which is excess of underlying insurance. | $2,500,000 CSL each occ.-agg. part of $5,000,000 CSL each occ.-agg. | $2,500,000 CSL each occ.-agg. part of $5,000,000 CSL each occ.-agg. O.K. per MWP ec | Contributing Excess |

THE TERM OF THIS CERTIFICATE UNLESS TERMINATED BY CANCELLATION, SHALL BE FROM THE ____1st____ DAY OF ___November___,19 72 TO THE ___1st___ DAY OF ___November___ ,19 75

THE NET PREMIUM FOR THIS CERTIFICATE SHALL BE $ 3,487.50   [X] FIXED CHARGE   [ ] DEPOSIT PREMIUM
payable in equal annual installments of $1,162.50 each

| PREMIUM BASIS | ESTIMATED EXPOSURE | RATE | ESTIMATED PREMIUM |
| --- | --- | --- | --- |
| | | | |

| AUDIT PERIOD | MINIMUM PREMIUM FOR REINSURANCE PERIOD | MINIMUM PREMIUM FOR CERTIFICATE |
| --- | --- | --- |
| | $3,487.50 | $500.00 |

COUNTERSIGNED AT ___New York, N. Y.___ THE ___30th___ DAY OF ___March___ 19 73

INSURANCE COMPANY OF NORTH AMERICA

AEB/af-3/30/73

BY _A. Bingean_
AUTHORIZED SIGNATURE

C 2612  PTD IN U.S.A.   5-72

PLEASE GIVE SPECIAL NOTICE OF THIS FACULTATIVE REINSURANCE TO YOUR CLAIM DEPARTMENT



**INSURANCE COMPANY OF NORTH AMERICA**
1600 Arch Street
Philadelphia, Pennsylvania 19101

(herein called the Reinsurer)

In consideration of the payment of the premium, and subject to the terms, conditions and limits of liability set forth herein, and in the Declaration, in part except the Reinsurer does hereby reinsure the ceding company named in the Declarations (herein called the Company) in respect of the Company's policy as follows:

Enghalian Insurance Company
c/o Willcox, Baringer & Company, Inc.
127 John Street
New York, New York 10038

ATTENTION

L.M. James F. Boyce

NAME OF INSURED

Dragon Industries, Inc. et al

## REINSURING AGREEMENTS AND CONDITIONS

A.  The Company warrants to retain for its own account in that of its treaty reinsurer(s) the amount of liability specified in Item 3 of the Declarations, unless otherwise declared to the Reinsurer, and the liability of the Reinsurer specified in Item 4 of said Declarations shall follow that of the Company and except as otherwise specifically provided herein, shall be subject in all respects to all the terms and conditions of the Company's policy, each of such as may purport to create a direct obligation of the Reinsurer to the original insured. The Company shall furnish the Reinsurer with a copy of its policy and all endorsements thereto which in any manner affect this certificate. The Company shall make available for inspection and place at the disposal of the Reinsurer at reasonable times any of its records relating to this reinsurance or to claims in connection therewith.

B.  Prompt notice shall be given to the Reinsurer by the Company of any occurrence or accident which appears likely to involve this reinsurance and while the Reinsurer does not undertake to investigate or defend claims or suits it shall nevertheless have the right and be given the opportunity to associate with the Company and its representatives at its own expense in the defense and control of any claim, suit or proceeding involving this reinsurance, with the full cooperation of the Company.

C.  All claims involving this reinsurance, when settled by the Company, shall be binding on the Reinsurer, which shall be liable to pay its proportion of such settlements, and in addition thereto, in the ratio that the Reinsurer's loss payment bears to the Company's gross loss payment, with respect to business accepted on an excess of loss basis and in the ratio that the Reinsurer's bond of liability bears to the Company's gross bond of liability with respect to business accepted on a pro rata basis, its proportion of expenses, other than Company salaries and office expenses, incurred by the Company in the investigation and settlement of claims or suits and, with the prior consent of the Reinsurer to trial court proceedings, its proportion of court costs and interest on any judgment or award.

D.  Payment of its proportion of the obligations of the Company will be made by the Reinsurer to the Company promptly following receipt of proof of loss.

E.  The Reinsurer will be paid or credited by the Company its portion of salvage or reimbursement obtained by the Company (less its share of the expenses) to obtaining such reimbursement or making such recovery. If the reinsurance afforded by this Certificate is in excess of the basis of loss, such salvage or reimbursement shall be applied in the inverse order in which liability attaches.

F.  The Company shall be liable for all risks on a combined single limit of $1,000,000 per Combined... $1. each occ. ... excess $1. of $250,000,000 CSL limit. ... $1. each occ.

G.  In the event of insolvency of the Company the reinsurance hereunder amended to conform to the statute of any state in the United States having jurisdiction to the extent that such reinsurance... hereunder may be credited to the Company as an admitted reinsurance, it being understood that, subject to..., the Reinsurer may avail itself of... other provision of any law.

...cancellation... day of the Company... or cancellation of this Certificate and if it may also be cancelled on this basis by either party mailing or delivering to the other, written notice stating when not less than thirty (30) days thereafter such cancellation shall become effective.

H.  The terms of this Certificate shall not be... any prior written or oral negotiations or agreements... endorsement issued to form a part hereof and... representative of the Reinsurer.

In Witness Whereof, ...
by its President and Secretary/Treasurer at... being that the same shall not be binding upon the Reinsurer unless countersigned by... representative of the Reinsurer.

COUNTERSIGNED AT

 INSURANCE COMPANY OF NORTH AMERICA

In consideration of the payment of the premium as herein provided, Reinsuring Agreement "A" is amended to read as follows:

A. The Company warrants to retain for its own account or that of its reinsurer(s) the amount of liability specified in Item 3 of the Declarations, unless otherwise declared to the Reinsurer, and the liability of the Reinsurer specified in Item 4 of said Declarations shall follow that of the Company and except as otherwise specifically provided herein, shall be subject in all respects to all the terms and conditions of the Company's policy except such as may purport to create a direct obligation of the Reinsurer to the original Insured. The Company shall furnish the Reinsurer with a copy of its policy and all endorsements thereto which in any manner affect this certificate, and shall make available for inspection and place at the disposal of the Reinsurer at reasonable times any of its records relating to this reinsurance or claims in connection therewith.

Nothing herein contained shall vary, alter or extend any provision or condition of the certificate other than as above stated.

| CEDING CO. | Appalachian Insurance Company | |
|---|---|---|
| NAME OF INSURED | Dresser Industries, Inc. etal | |
| CERTIFICATE NO. FRC | 01356 | |
| EFFECTIVE DATE: | 11/1/72 | ENDORSEMENT NO.    1 |

AEB/af-3/30/73

_____
Authorized Agent

_____
President

C-2617 8/69 PRINTED IN U.S.A.